1 David Simantob, Esq., SBN 155790
dsimantob@tresslerllp.com
2 Linda T. Hoshide, Esq., SBN 190403
lhoshide@tresslerllp.com
3 Jeanne Kuo Riggins, Esq., SBN 231411
jriggins@tresslerllp.com
4 TRESSLER LLP
1901 Avenue of the Stars, Suite 450
5 Los Angeles, CA  90067
Telephone:  (310) 203-4800
6 Facsimile:   (310) 203-4850

7

8 Attorneys for Defendant
HARTFORD CASUALTY INSURANCE COMPANY

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| VOGUE INTERNATIONAL, LLC d/b/a VOGUE INTERNATIONAL, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation,<br><br>Defendants. | CASE NO. 2:14-cv-03570-PA-MRW<br>Hon. Percy Anderson<br><br>**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:    August 11, 2014<br>Time:   1:30 PM<br>Ctrm:   15<br><br>Complaint filed May 8, 2014<br>First Amended Complaint filed May 29, 2014<br>No Trial Date Set |

Defendant Hartford Casualty Insurance Company ("Hartford") hereby submits this Reply in support of its Motion for Summary Judgment, or in the Alternative, Summary Adjudication Against Plaintiff, Vogue International, LLC d/b/a Vogue International ("Vogue").

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................... 1

II. VOGUE FAILS TO SHOW HOW THE *MOROCCANOIL* ACTION IS DISPARAGEMENT "BY CLEAR IMPLICATION". ................................ 1

III. NO ALLEGATIONS OF FACT RE SLOGAN INFRINGEMENT. ........... 4

    A. "Organic" Is Not A Slogan. ................................................................. 5

    B. "Moroccan Argan Oil" Is Not A Slogan ............................................. 6

    C. No Allegation That Vogue Infringed Upon Another's Slogan ..... 7

    D. No Infringement in Vogue's "Advertisement" ................................. 8

IV. THE IP EXCLUSION BARS COVERAGE ................................................ 8

    A. The *Moroccanoil* Action Arose Out Of Trademark And Trade Dress Infringement And Is Precluded By The IP Exclusion. ........... 8

    B. "Moroccan Argan Oil" or "Organic" Are "Designations of Origin or Authenticity" Falling Within the IP Exclusion ......................... 10

V. THE QUALITY OF GOODS EXCLUSION BARS COVERAGE. ......... 12

VI. CONCLUSION ....................................................................................... 12

i

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

**CASES**

*Aloha Pacific, Inc. v. California Ins. Guarantee Assoc.*,
   79 Cal. App. 4th 297, 93 Cal. Rptr. 2d 148 (2000) .................................. 6, 9

*Am. Guar. & Liab. Ins. Co. v. Lexington Ins. Co.*,
   517 Fed. Appx. 599 (9th Cir. May 6, 2013) ................................................ 9

*Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*,
   100 Cal.App.4th 1017, 123 Cal. Rptr. 2d 256 (2002) ................................. 3

*Burgett, Inc. v. Am. Zurich Ins. Co.*,
   830 F.Supp.2d 953 (E.D. Cal. 2011) ........................................................... 2

*Davis v. Farmers Ins. Group*,
   134 Cal.App.4th 100, 35 Cal. Rptr. 3d 738 (2005) ..................................... 9

*E.piphany Inc. v. St. Paul Fire & Marine Ins. Co.*,
   590 F. Supp. 2d 1244 (N.D. Cal. 2008) ...................................................... 2

*Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co.*,
   18 Cal. 4th 857, 77 Cal. Rptr. 2d 107 (1998) ............................................. 8

*Friedman Prof. Mgmt. Co. v. Norcal Mut. Ins. Co.*,
   120 Cal. App. 4th 17, 15 Cal. Rptr. 3d 359 (2004) ............................. 3, 4, 7

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*,
   59 Cal.4th 277 (2014) ...................................................................... 1, 2, 3, 4

*Homedics, Inc. v. Valley Forge Ins. Co.*,
   315 F.3d 1135 (9th Cir. 2003) .................................................................... 4

*Houston General Ins. Co. v. BSM Corp.*
   (N.D.Ill., Apr. 14, 1993, No. 92-C-6516)
   1993 U.S. Dist. Lexis 4725 .......................................................................... 5

*Hudson Ins. Co. v. Colony Ins. Co.*,
   624 F.3d 1264 (9th Cir. 2010) ................................................................ 6, 7

*Integral Resources, Inc. v. Hartford Fire Ins. Co.*,
   No. 2:14-CV-02308-R (AGRx),
   2014 U.S. Dist. LEXIS 83793 (C.D. Cal. June 13, 2014) ---------------------------- 9

*Interstate Bakeries Corp. v. Onebeacon Ins. Co.*,
   686 F.3d 539 (8th Cir. 2012) ------------------------------------------------------------ 7

*Legarra v. Federated Mut. Ins. Co.*,
   35 Cal. App. 4th 1472, 42 Cal. Rptr. 2d 101 (1995) ---------------------------------- 8

*MacKinnon v. Truck Ins. Exchange*,
   31 Cal. 4th 635, 3 Cal. Rptr. 3d 228 (2003) ---------------------------------------- 8, 9

*Marquez Knolls Property Owners Ass'n, Inc. v. Executive Risk Indem., Inc.*,
   153 Cal. App. 4th 228, 62 Cal. Rptr. 3d 510 (2007) ---------------------------------- 9

*Medill v. Westport Ins. Corp.*,
   143 Cal. App. 4th 819, 49 Cal. Rptr. 3d 570 (2006) ---------------------------------- 9

*Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*,
   761 F.Supp.2d 904 (N.D. Cal. 2011) ------------------------------------------------- 3, 4

*Montrose Chem. Corp. v. Sup. Ct.*,
   6 Cal. 4th 287, 24 Cal. Rptr. 2d 467 (1993) ------------------------------------------- 4

*Nat'l Union Fire Ins. Co. v. Siliconix Inc.*,
   726 F. Supp. 264 (N.D.Cal. 1989) ------------------------------------------------- 3, 4, 7

*Native American Arts, Inc. v. Hartford Cas. Ins. Co.*,
   435 F.3d 729 (7th Cir. 2006) ------------------------------------------------------------ 11

*Native American Arts, Inc. v. Hartford Cas. Ins. Co.*,
   No. 03 C 7233, 2004 U.S. Dist. LEXIS 18322 (N.D. Ill. Sept. 9, 2004) --------- 11

*North Coast Med., Inc. v. Hartford Fire Ins. Co.*,
   No. 13-CV-03406-LHK,
   2014 U.S. Dist. LEXIS 20701 (N.D. Cal. Feb. 17, 2014) ------------------- 5, 6, 10

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S <u>REPLY</u> IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*Palmer v. Truck Ins. Exch.*,
   21 Cal.4th 1109, 90 Cal. Rptr. 2d 647 (1999) --------------------------------- 5, 6, 10

*Street Surfing, LLC v. Great Am. E&S Ins. Co.*,
   752 F.3d 853 (9th Cir. 2014)-------------------------------------------------------------- 7

*Total Call Int'l, Inc. v. Peerless Ins. Co.*,
   181 Cal. App. 4th 161, 104 Cal. Rptr. 3d 319 (2010) ------------------------------ 12

*Trenches, Inc. v. Hanover Ins. Co.*,
   2014 U.S. App. LEXIS 9644 (9th Cir. May 23, 2014) ------------------------------- 9

*Ultra Coachbuilders, Inc. v. General Sec. Ins. Co.*,
   No. 02 CV 675 (LLS), 2002 U.S. Dist LEXIS 13027,
   2002 WL 31528474 (S.D. N.Y. 2002)--------------------------------------------------- 7

*Upper Deck Co. v. Federal Ins. Co.*,
   358 F.3d 608 (9th Cir. 2004)------------------------------------------------------------- 4

*Western Int'l Syndication Corp. v. Gulf Ins. Co.*,
   222 Fed. Appx. 589 (9th Cir. 2007)---------------------------------------------------- 3

*Zurich Specialties London, Ltd. v. Bickerstaff, Whatley, Ryan & Burkhalter, Inc.*,
   425 Fed. Appx. 554 (9th Cir. Mar. 28, 2011)----------------------------------------- 9

## I. INTRODUCTION

Once again, Vogue completely misses the mark in its attempts to show that Hartford had a duty to defend or indemnify Vogue in the underlying *Moroccanoil* Action under Hartford's Policies. Vogue's Opposition ignores controlling California law.[1] Instead, it repeatedly cites to cases from random other jurisdictions, and then mischaracterizes their holdings. As a result, it is filled with arguments that provide absolutely no basis to show that the *Moroccanoil* Action alleged an enumerated "personal and advertising injury" offense or was not precluded from coverage by an exclusion. Pursuant to controlling California law, Hartford had no duty to defend and/or indemnify Vogue in the *Moroccanoil* Action and requests summary judgment in its favor as a matter of law.

## II. VOGUE FAILS TO SHOW HOW THE *MOROCCANOIL* ACTION IS DISPARAGEMENT "BY CLEAR IMPLICATION".

As an initial matter, Vogue fails to point to any allegations in the *Moroccanoil* Action that "specifically refers" and "clearly derogates" Moroccanoil's product or business by clear implication. *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal.4th 277, 284 (2014).

The fact pattern in *Swift* is identical to the fact pattern in the instant litigation. In *Swift*, the underlying plaintiffs alleged that the insured "impermissibly manufactured, marketed, and sold the Ulti-Cart, and thereby infringed [plaintiffs'] patents and trademarks and diluted the Multi-Cart trademark" and false and misleading advertising and use of the mark was likely to cause consumer confusion or mistake or deceive the public "as to the affiliation, connection, or association" of the insured and plaintiffs. *Id.* at 285. Similarly, here, Moroccanoil alleges that Vogue's use of "Moroccanoil Argan Oil" is

---

[1] Vogue does not dispute that California law controls here. As such, the cases cited by Vogue from random other jurisdictions are irrelevant because there is clear and authoritative California case law resolving all the issues.

1

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1 infringing on Moroccanoil's trademark, engaging in false advertising, causing
2 confusion, and deceiving the public into believing Moroccanoil Argan Oil is
3 affiliated with Moroccanoil. [SUF 8-23, 29-44.] The *Swift* Court found that such
4 allegations do not amount to disparagement by clear implication because the
5 allegations do not specifically refer and do not clearly derogate the plaintiffs. As
6 in *Swift*, the allegations in the *Moroccanoil* Action do not derogate Moroccanoil
7 by clear implication. *See Swift*, 59 Cal. 4th at 295 ("Disparagement by
8 'reasonable implication' requires more than a statement that may conceivably or
9 plausibly be construed as derogatory to a specific product or business. A
10 'reasonable implication' in this context means a clear or necessary inference.")

11     Faced with the holding in *Swift*, Vogue focuses on other cases that still fail
12 to support its position. For example, Vogue claims that *Burgett, Inc. v. Am.*
13 *Zurich Ins. Co.*, 830 F.Supp.2d 953 (E.D. Cal. 2011) is "conceptually
14 indistinguishable" from the instant litigation. [Vogue Opposition ("Opp.") at
15 3:10-11.] Later, and without any analysis, Vogue also states that the *Moroccanoil*
16 Action "is much closer to *E.piphany*, than it is to *Swift*." [Opp. at 6:11-13.]
17 However, as emphasized by the *Swift* Court, both *Burgett* and *E.piphany Inc. v.*
18 *St. Paul Fire & Marine Ins. Co.,* 590 F. Supp. 2d 1244 (N.D. Cal. 2008), are
19 ***factually*** distinguishable because the insured in *E.piphany* had ***expressly*** stated
20 that it was the "'the 'only' producer of 'all Java' and "fully J2EE' software
21 solutions …" and the insured *Burgett* had ***expressly*** stated that it was the "only"
22 holder of the trademark. *E.piphany,* 590 F. Supp. 2d at 1253; *Burgett*, 830
23 F.Supp.2d at 964. Based on these factual distinctions, the California Supreme
24 Court held that "a claim to be the 'only' producer of a certain kind of software or
25 the 'only' owner of a trademark, may be found to clearly or necessarily disparage
26 another party even without express mention." *Swift*, 59 Cal.4th at 294.

27     In contrast to *Burgett* or *E.piphany*, but as in *Swift*, there are ***no*** allegations
28 in the *Moroccanoil* Action that Vogue claimed to be the "only" producer of the

2
**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S <u>REPLY</u> IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1  product or owner of a trademark.  The only mention that Vogue is an "only"
2  producer or owner is by Vogue in the instant litigation.  Such imaginative
3  arguments are not "facts" that can create coverage where none exists.[2]

4  Similarly, contrary to Vogue's argument that the cases it cites "found
5  implied disparagement arose without any express reference to a competitor",
6  [Opp. at 4:11-22], those cases actually included express statements or use of
7  pictures that referenced the competitor.[3]  Unlike the cases cited by Vogue, the
8  *Moroccanoil* Action has ***no*** allegations of express statements that referenced
9  Moroccanoil.  Vogue's argument is merely an attempt to confuse how the *Swift*
10 Court limited the finding of disparagement to "clear" implication.

11 Finally, hoping to rely on *Michael Taylor*, Vogue now claims that the
12 *Moroccanoil* Action alleges a "bait and switch".  [Opp. at 5:3-6:6.]  As an initial
13 matter, the *Swift* Court questioned "the merits of *Michael Taylor's* reasoning ...."
14 *Swift*, 59 Cal.App.4th at 297.  But even if it remains good law, *Michael Taylor* is
15 clearly distinguishable.  In *Michael Taylor*, the court found potential
16 disparagement where the insured "steered" customers to its allegedly inferior
17 products after luring them in with pictures of the claimant's allegedly superior

---

[2] *Nat'l Union Fire Ins. Co. v. Siliconix Inc.*, 726 F. Supp. 264, 272 (N.D.Cal. 1989) (insured's counsel's "self-serving legal opinion" about potentially covered claims "hardly constitutes a 'fact' known to [the insurer] which, under *Gray*, gives rise to a . . . duty to defend."); *Friedman Prof. Mgmt. Co. v. Norcal Mut. Ins. Co.*, 120 Cal. App. 4th 17, 34-35, 15 Cal. Rptr. 3d 359 (2004) ("An insured is not entitled to a defense just because one can imagine some additional facts which would create the potential for coverage.")

[3] *Western Int'l Syndication Corp. v. Gulf Ins. Co.*, 222 Fed. Appx. 589, 592 (9th Cir. 2007) ("Western made statements to television stations and broadcasters" that "suggested that the Apollo Show would no longer be in existence..."); *Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal.App.4th 1017, 1030, 123 Cal. Rptr. 2d 256 (2002) (Insured made "disparaging statements prior to the inception of the [ ] policy."); *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F.Supp.2d 904, 906 (N.D. Cal. 2011) (insured circulated pictures of claimant's furniture, then "steered" customers to its own).

3
**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S <u>REPLY</u> IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1 products. 761 F. Supp. 2d at 912. Here, by contrast, there are no allegations of
2 either "bait and switch," or that Vogue used Moroccanoil's product to lure
3 customers in only to then "steer" them to Vogue's. *Swift*, 59 Cal. 4th at 297.
4 Again, the only one who has mentioned "bait and switch" or "steering" anywhere
5 is Vogue in the instant litigation. Such arguments are not "facts" that can create
6 coverage. *Siliconix,* 726 F. Supp. at 272; *Friedman*, 120 Cal. App. 4th at 34-35.

7       In short, the *Moroccanoil* Action is nothing more than an uncovered
8 trademark and trade dress infringement case. *Swift*, 59 Cal. 4th at 296 ("Similarly,
9 a party's attempt to copy or infringe on the intellectual property of another's
10 product does not, without more, constitute disparagement.") (citing with approval
11 to *Homedics, Inc. v. Valley Forge Ins. Co*., 315 F.3d 1135 (9th Cir. 2003)). The
12 facts actually alleged in the *Moroccanoil* Action (or those available at the time of
13 tender)[4] do not establish that Vogue specifically referred to and clearly derogated
14 Moroccanoil's products or business by clear implication. As such, the
15 *Moroccanoil* Action does not allege facts that trigger the Policies' disparagement
16 enumerated offense. Accordingly, Hartford did not have a duty to defend Vogue.

17 **III.**   **<u>NO ALLEGATIONS OF FACT RE SLOGAN INFRINGEMENT.</u>**

18       At every turn, Vogue argues that a different offense triggers coverage.
19 Vogue's Complaint only asserted two offenses (disparagement and use of
20 advertising idea). In its Motion for Summary Judgment [Dkt 23], Vogue asserted
21 another ineffective theory (cancellation of trademark). Desperate to create
22 coverage where none exists, Vogue now argues for the first time that "Moroccan

---

[4]   The duty to defend turns not on the "ultimate adjudication of coverage under its policy of insurance, but upon those ***facts known by the insurer at the inception of a third party lawsuit***." *Montrose Chem. Corp. v. Sup. Ct.*, 6 Cal. 4th 287, 295, 24 Cal. Rptr. 2d 467 (1993) (emphasis added). "In the absence of a new tender, the insurer is not charged with knowledge of new extrinsic facts; nor is it under an independent obligation to investigate the potential for coverage." *Upper Deck Co. v. Federal Ins. Co.*, 358 F.3d 608, 613 (9th Cir. 2004).

Argan Oil" and "organic" are slogans whose use falls within the offense "g. Infringement of … slogan, … in your 'advertisement' or on 'your web site'." As with the others, this latest argument also fails: "Moroccan Argan Oil" and "organic" are not slogans; they were not used in Vogue's "advertisement"; and, even if they were, the IP and Quality of Goods Exclusions preclude coverage.

### A. "Organic" Is Not A Slogan.

"Organic" is simply not a slogan. *Palmer v. Truck Ins. Exch.*, 21 Cal.4th 1109, 90 Cal. Rptr. 2d 647 (1999) (insured's infringing use of a single *word* – Valencia – in a phrase is not sufficient to constitute infringement of a *slogan*). In *Palmer*, the Court stated:

> The mere fact that Newhall used the mark Valencia in a slogan does not bring the judgment within the scope of coverage for infringement of slogan. A slogan is "a brief attention-getting *phrase* used in advertising or promotion" [citation] or "[a] *phrase* used repeatedly, as in promotion" [citation]. Thus, the infringing use of a trademark that is merely a word in a phrase used as a slogan is not the same as the infringing use of a slogan. (*See Houston General Ins. Co. v. BSM Corp.* (N.D.Ill., Apr. 14, 1993, No. 92-C-6516) 1993 U.S. Dist. Lexis 4725 at p. *18 [the name "IBM" is not a slogan].) While there may be instances where the name of a business, product or service, by itself, is also used as a slogan, the name "Valencia" was not.

*Palmer*, 21 Cal.4th at 1120 (emphasis in original). Following *Palmer*, the single word "organic" is not a slogan. *North Coast Med., Inc. v. Hartford Fire Ins. Co.*, No. 13-CV-03406-LHK, 2014 U.S. Dist. LEXIS 20701 (N.D. Cal. Feb. 17, 2014), (the District Court relied on *Palmer* to find that "THERA-PUTTY" is not a slogan because it is a "single word – not a brief attention-getting phrase or a phrase utilized repeatedly.") Even if it were, as discussed below, it was not used

5

1  in Vogue's advertisement. Further, it is excluded by the Policies' IP Exclusion
2  and Quality of Goods Exclusion.

3        **B.**     **"Moroccan Argan Oil" Is Not A Slogan.**

4        "Moroccan Argan Oil" is the name of and an ingredient in *Vogue's*
5  product, not a slogan that ***anyone*** else alleged Vogue had infringed. *Aloha*
6  *Pacific, Inc. v. California Ins. Guarantee Assoc.*, 79 Cal. App. 4th 297, 317, 93
7  Cal. Rptr. 2d 148 (2000) (infringement of the "Rusty's Island Chips" and "Island
8  Chips" marks did not constitute an infringement of slogan.)

9        In *North Coast*, 2014 U.S. Dist. LEXIS 20701, the court found that the
10 term "THERA-PUTTY" was not a slogan, exempted from the IP exclusion. *Id*. at
11 *16, *18-*19. More specifically, relying on *Palmer*, the court rejected the
12 argument that the "insured infringed by using the name of the product itself." *Id*.
13 at *16. Rather, the court found that "there is no indication from the complaint in
14 the underlying litigation or the record in the instant case that 'THERA-PUTTY'
15 was used as a slogan, in addition to a product name by" the parties. *Id*. at *17.
16 As such, the District Court held that Hartford did not have a duty to defend the
17 insured because the slogan exception to the IP exclusion did not apply. Similarly,
18 here, "Moroccan Argan Oil" is alleged to be the name of *Vogue's* product. There
19 are no allegations in the *Moroccanoil* Action that "Moroccan Argan Oil" was
20 used as a slogan, separate and apart from the name of Vogue's product.

21       Simply put, "Moroccan Argan Oil" – or for that matter "organic" – is not a
22 "brief attention-getting phrase" or a term that has acquired a secondary meaning.
23 In contrast, the Ninth Circuit in *Hudson Ins. Co. v. Colony Ins. Co.,* 624 F.3d
24 1264, 1268 (9th Cir. 2010) held that the insured's use of the NFL trademarked
25 phrase "Steel Curtain" qualified as slogan infringement because it was "brief
26 attention-getting phrase used in advertising or promotion." *Id*. The Ninth Circuit
27 held that the alleged infringement of the phrase "Steel Curtain" triggered a duty
28 to defend because the NFL complaint suggested that "Steel Curtain" was used to

6

promote fan loyalty to the Pittsburg Steelers. *Id*; *see also*, *Ultra Coachbuilders, Inc. v. General Sec. Ins. Co.*, No. 02 CV 675 (LLS), 2002 U.S. Dist LEXIS 13027 at *8, 2002 WL 31528474 (S.D. N.Y. 2002) ("Qualified Vehicle Modifier" or "QVM" was potentially a slogan because Ford, the claimant, used it to promote its programs and products. Moreover, Ford had alleged that QVM had "acquired [a] secondary meaning, and that consumers are likely to confuse 'VQM,' the term used by [the insured], with 'QVM,' the Ford certification program.")

In contrast to *Hudson* or *Ultra Coachbuilders*, here, Moroccanoil did not allege that "Moroccan Argan Oil" was used to build customer loyalty for Moroccanoil, that it was used to promote Moroccanoil's products or that the term had obtained a "secondary meaning." The only one making such statements is Vogue in the instant litigation; however, Vogue's imaginative arguments do not create facts that are otherwise missing from the *Moroccanoil* Action. *Siliconix Inc.*, 726 F. Supp. at 272; *Friedman*, 120 Cal. App. 4th at 34-35. As such, Vogue's use of "Moroccan Argan Oil" cannot qualify as slogan infringement.

### C. <u>No Allegation That Vogue Infringed Upon Another's Slogan</u>

More significantly, there is <u>no</u> allegation that Vogue infringed on ***another's*** slogan: Moroccan Argan Oil is the name of and an ingredient in ***Vogue's*** product; "organic" is a description of the quality of that product. A claim for "infringement" of slogan, by its very nature, requires infringement of ***another's*** slogan. *Street Surfing, LLC v. Great Am. E&S Ins. Co.*, No. 12-55351, 2014 U.S. App. LEXIS 10737 at *12 (9th Cir. June 10, 2014) ("Street Surfing's purported use of 'Street Surfing' as a slogan in its *own* advertising is irrelevant. The policies' coverage extends only to Street Surfing's infringement of ***another's*** slogan."); *Interstate Bakeries Corp. v. Onebeacon Ins. Co.*, 686 F.3d 539, 546 (8th Cir. 2012) (no allegations in the underlying complaint to indicate that the claimant used the phrase "Nature's Own" as a slogan (as opposed to a product identifier) and insured could not identify a slogan use.) There are no allegations

7

1 anywhere that "organic" or "Moroccan Argan Oil" are another's slogan that Vogue could have infringed.

### D. No Infringement in Vogue's "Advertisement"

While Vogue argues that vague references to "marketing" can constitute "advertisement," it simply ignores the Policies' definition that "advertisement" does not include "[t]he design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products." The Policies' definition of "advertisement" controls here. *Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co.*, 18 Cal. 4th 857, 868, 77 Cal. Rptr. 2d 107 (1998); *Legarra v. Federated Mut. Ins. Co.*, 35 Cal. App. 4th 1472, 1479, 42 Cal. Rptr. 2d 101 (1995). Here, there are no facts alleged suggesting any "advertisement" that is distinct from the products and labels such that it would meet the Policies' requirement for "in your advertisement." Rather, the only allegations of "advertisement" relate to Vogue's products and labeling of its own products which the Policies specifically exclude from the definition of "advertisement." [SUF 6-45.] Accordingly, the *Moroccanoil* Action does not include any allegations that fall within the Slogan Infringement Offense.

## IV. THE IP EXCLUSION BARS COVERAGE

### A. The *Moroccanoil* Action Arose Out Of Trademark And Trade Dress Infringement And Is Precluded By The IP Exclusion.

The IP Exclusion excludes coverage for "personal and advertising injury" "[a]rising out of the violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity." [SUF 71.] Vogue attempts, but fails, to distinguish the well-developed published case law on the broad reading of "arising out of." Vogue both misreads the cases it cites, and cites them for inapposite reasons.

For example, Vogue is simply wrong when it cites *MacKinnon v. Truck Ins. Exchange*, 31 Cal. 4th 635, 3 Cal. Rptr. 3d 228 (2003) to argue "arising out

8

1  of" is narrowly construed and asserts the cases cited in Hartford's moving papers
2  "predate *MacKinnon*." First, *MacKinnon* did not even construe the terms "arising
3  out of," but rather interpreted what constitutes a pollutant in a pollution
4  exclusion. *Id*. at 638. Further, the Court did not discuss nor base its analysis on
5  the "arising out of" language. Finally, the Ninth Circuit and California Court of
6  Appeals have repeatedly held, since *MacKinnon*, that the phrase "arising out of"
7  is broadly applied even within the context of an exclusion.[5]

8      Vogue also argues that *Aloha,* 79 Cal. App. 4th 297, is distinguishable
9  because it is an indemnity case that discusses trade dress claims not specifically
10 addressed in the IP exclusion. While *Aloha* may be based upon an indemnity
11 analysis, the determination of whether an exclusion applies to preclude coverage
12 does not change. Further, while *Aloha* did not specifically address slogan
13 infringement, the fact that it applied the IP exclusion to include a trade dress
14 claim that was not specifically listed reveals the broad application of the phrase
15 "arising out of".

16     Vogue meritlessly attempts to distinguish the cases Hartford relies on by
17 claiming those cases do not apply an IP exclusion. These cases and Vogue's
18 arguments reflect that Vogue has not and cannot find any cases that allow for a
19 narrow interpretation of the "arising out of" language in any exclusion.

---

[5]   *Trenches, Inc. v. Hanover Ins. Co.*, 2014 U.S. App. LEXIS 9644 (9th Cir. May 23, 2014) ("In California, the phrase 'arising out of' is construed broadly, even if in an exclusion, to mean 'originating from,' 'flowing from,' 'incident to,' or 'having a connection with.'"); *Am. Guar. & Liab. Ins. Co. v. Lexington Ins. Co.*, 517 Fed. Appx. 599 (9th Cir. May 6, 2013); *Zurich Specialties London, Ltd. v. Bickerstaff, Whatley, Ryan & Burkhalter, Inc.*, 425 Fed. Appx. 554 (9th Cir. Mar. 28, 2011); *Integral Resources, Inc. v. Hartford Fire Ins. Co.*, No. 2:14-CV-02308-R (AGRx), 2014 U.S. Dist. LEXIS 83793 at *11-*12 (C.D. Cal. June 13, 2014); *Marquez Knolls Property Owners Ass'n, Inc. v. Executive Risk Indem., Inc.*, 153 Cal. App. 4th 228, 62 Cal. Rptr. 3d 510 (2007); *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 49 Cal. Rptr. 3d 570 (2006); *Davis v. Farmers Ins. Group*, 134 Cal.App.4th 100, 107, 35 Cal. Rptr. 3d 738 (2005).

Accordingly, the IP Exclusion precludes coverage for the *Moroccanoil* Action because it arises out of trademark and trade dress infringement claims.

### B. "Moroccan Argan Oil" or "Organic" Are "Designations of Origin or Authenticity" Falling Within the IP Exclusion

Without citing to any authority to support its conclusion, Vogue simply states that "organic" or "Moroccan Argan Oil" are slogans that are not precluded by the IP Exclusion.[6] [Opp. at 8:17 – 9:4; 18:12-18.] Vogue is wrong.

In *North Coast,* the Court found that the term "THERA-PUTTY" was not a slogan and, therefore, was subject to the IP exclusion. The Court emphasized that "THERA-PUTTY" was a term (not a phrase), it was never used as a slogan, was not attention-getting, and was not used repeatedly.  2014 U.S. Dist. LEXIS 20701, at *16, *citing Palmer*, 21 Cal.4th at 1109.  As with *North Coast*, there are no allegations in the *Moroccanoil* Action that "organic" or "Moroccan Argan Oil" are slogans or were used as slogans such that they would fall within the IP Exclusion's slogan exception.

Moreover, the IP Exclusion states that it does not apply to infringement of "***slogan**, **unless the slogan is also a … designation of origin or authenticity**.*" [SUF 71.]  For example, even if "organic" could be construed as a slogan, it would still be precluded by the IP Exclusion because it is a designation of authenticity.  As Vogue notes in its Opposition, "organic" is a term that is regulated by the COPA and the federal equivalent.  [Opp. at 9:12.]  To be in compliance, Vogue's use of the term "organic" would require Vogue's products to include at least 70% organic material.  [Opp. at 6:11-13.]  Thus, the use of

---

[6] The exception to the IP Exclusion, states, in pertinent part: "However, this exclusion does not apply to infringement, in your "advertisement" or on "your web site", of [¶] … (2) ***slogan**, **unless the slogan is also a trademark**, trade name, service mark or **other designation of origin or authenticity**…*" [SUF 71 (emphasis added).]

1  "organic" is a designation of authenticity to prevent the inappropriate or
2  inauthentic use of "organic" on products that do not meet the prerequisite
3  standard. Similarly, as acknowledged in Vogue's Opposition, "Moroccan Argan
4  Oil" is a designation of origin or authenticity in that it describes the fact that
5  Vogue's product contained as an ingredient, argan oil, from Morocco. [Opp. at
6  3:22-4:1 ("Vogue's products were posed as alternatives, sourcing argan oil from
7  Morocco and describing it as Moroccan Argan Oil as well.")] As such, even if
8  they are slogans, they are subject to the IP Exclusion. *Native American Arts, Inc.
9  v. Hartford Cas. Ins. Co.*, No. 03 C 7233, 2004 U.S. Dist. LEXIS 18322 at *19
10 (N.D. Ill. Sept. 9, 2004) (interpreting "designation of origin or authenticity" in an
11 IP exclusion, the court held that "these terms are unambiguous and we must
12 afford them their plain and ordinary meaning."); *Native American Arts, Inc. v.
13 Hartford Cas. Ins. Co.*, 435 F.3d 729, 733 (7th Cir. 2006) (the "designation of
14 origin or authenticity" language is "Unambiguous, and it is enough to remove
15 NAA's complaints from the purview of Hartford's duty to defend. The purpose
16 of the Indian Arts and Crafts Act is to protect consumers and the makers of
17 authentic Native American goods from false representations of a product's 'origin
18 or authenticity.'") Here, Vogue claims that the *Moroccanoil* Action is premised
19 on Vogue's alleged use (or misuse) of "organic" or "Moroccan Argan Oil" and is
20 akin to selling inauthentic Native American arts and crafts regulated by the
21 IACA. Pursuant to *Native American*, 435 F.3d at 733, the use of "Moroccan
22 Argan Oil" or "organic" are designations of origin or authenticity and, therefore,
23 is squarely precluded by the IP Exclusion.[7]

---

25 [7] The IP Exclusion also states that it does not apply to infringement of
26 "slogan, ***unless the slogan is also a <u>trademark</u>*** …." Here, "Moroccan Argan Oil"
was repeatedly alleged to be a trademark. [SUF 8, 9, 16, 17, 29, 30, 37, 38.]
27 Vogue did not dispute these facts on the basis of materiality or genuineness.
Accordingly, because "Moroccan Argan Oil" was alleged to be a trademark, it
28 falls squarely within the IP Exclusion.

11
**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S <u>REPLY</u> IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

## V. THE QUALITY OF GOODS EXCLUSION BARS COVERAGE.

The Policies also preclude coverage for "personal and advertising injury" "arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement'." The Quality of Goods Exclusion has been upheld and applied by California courts to preclude coverage for "third party claims predicated on allegations that the insured's advertising misrepresented the quality or price of the insured's <u>own</u> product." *Total Call Int'l, Inc. v. Peerless Ins. Co.*, 181 Cal. App. 4th 161, 171-72, 104 Cal. Rptr. 3d 319 (2010). Here, and as Vogue points out throughout its moving papers, the *Moroccanoil* Action alleges that Vogue misrepresents the quality of Vogue's own products with the label "organic" and "Moroccan Argan Oil" when Vogue's products do not contain "at least 70% organic content". [SUF 10, 31.] Similarly, Vogue argues that the *Moroccanoil* Action alleged that "consumers were offered a less expensive organic Moroccan Argan Oil, which was not what it purported to be." [Opp. at 5:3-5.] As such, the *Moroccanoil* Action squarely falls within the Quality of Goods Exclusion because Moroccanoil alleges that Vogue's products do not conform to its claims (*i.e.*, "… not what it purported to be") or contain the appropriate amount of organic content. As such, the Quality of Goods Exclusion also applies to preclude coverage.

## VI. CONCLUSION

For the reasons set forth above, Hartford requests that the Court grant its Motion for Summary Judgment, or in the Alternative Partial Summary Judgment, on each of Vogue's claims against Hartford.

Dated: July 28, 2014                TRESSLER LLP

                                    By:  /s/ - David Simantob
                                         David Simantob
                                         Attorneys for Defendant HARTFORD
                                         CASUALTY INSURANCE COMPANY

LA #135722 v12 (240-469)

12
**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S <u>REPLY</u> IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**PROOF OF SERVICE**

*Vogue International, LLC d/b/a Vogue Int'l v. Hartford Casualty Ins. Co.*
USDC - Case No. 2:14-cv-03570-PA-MRW
TSMP No.: 240-469

I am over the age of eighteen years and not a party to the within action. I am employed by TRESSLER LLP, whose business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067. On July 28, 2014, I served the within document(s) described as: **DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** to be served on the interested parties in this action:

☒ **BY ELECTRONIC SERVICE** - I served a true and correct copy, with all exhibits, electronically on counsel of record by transmission through CM/ECF. This service complies with General Order No. 08-02 of the U.S. District Court for the Central District of California.

*Attorneys for Plaintiff*

David A. Gauntlett, Esq.
James A. Lowe, Esq.
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
Email: dag@gauntlettlaw.com; jal@gauntlettlaw.com

☒ (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

/ / /

/ / /

1
PROOF OF SERVICE

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3  Executed this 28th day of July, 2014 at Los Angeles, California.

/s/ Lucille R. Aguiluz
Lucille R. Aguiluz

2
PROOF OF SERVICE